UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW MICHAEL MUSAELIAN,

    Petitioner,

    v.

ROBERT OCHS, Chief Probation Officer of Sonoma County,

    Respondent.

    /

No. C 10-605 SI (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Andrew Michael Musaelian, who was apparently on probation at the time of the filing, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

The petition provides the following information: Musaelian was convicted in Sonoma County Superior Court of two counts of vehicle theft and two counts of forgery. He was sentenced on November 6, 2007 to 120 days (later reduced to 55 days) of home confinement and three years of probation (later modified to terminate on May 6, 2010).

Musaelian appealed. On appeal, his conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court, both events occurring in 2009. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims. First, he claims that the trial court's refusal to instruct the jury on the claim of right defense violated his Sixth and Fourteenth Amendment rights to due process, fair trial and trial by jury. Petition addendum at 4-5. Second, he claims that he received ineffective assistance of counsel. Third, he claims that the prosecutor suppressed exculpatory evidence at trial in violation of his rights under Brady v. Maryland, 373 U.S. 83 (1963). Liberally construed, the claims appear to be cognizable in a federal habeas action.

The court now sua sponte substitutes Robert Ochs, the chief probation officer for the Sonoma County Probation Office, in as the respondent. Ochs is substituted in as the respondent in place of the county probation department because the latter does not appear to be a proper respondent. See generally Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (person in custody pursuant to the judgment of a state court must name the "'state officer having custody'" of him as the respondent).

/ / /

/ / /

## CONCLUSION

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **October 1, 2010**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **November 5, 2010**.

5. Petitioner is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

7. Robert Ochs is now substituted in as the respondent.

IT IS SO ORDERED.

DATED: July 29, 2010

_____
SUSAN ILLSTON
United States District Judge