UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW MICHAEL MUSAELIAN,<br><br>    Petitioner,<br><br>   v.<br><br>ROBERT OCHS, Chief Probation Officer of Sonoma County,<br><br>    Respondent.<br>                                   / | No. C 10-605 SI (pr)<br><br>**ORDER FOR PETITIONER TO MAKE ELECTION REGARDING UNEXHAUSTED CLAIMS** |

## INTRODUCTION

Andrew Michael Musaelian filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted on three claims. Respondent filed an answer, in which he asserted that state court remedies had not been exhausted for some of the claims. Petitioner filed a traverse, in which he asserted that he had exhausted all his claims. For the reasons discussed below, the court finds that state court remedies were not exhausted for some of the claims, and requires petitioner to choose how to deal with this problem.

## BACKGROUND

The petition challenges Musaelian's 2007 conviction in Sonoma County Superior Court of two counts of vehicle theft and two counts of forgery. Musaelian appealed from the judgment of conviction. The California Court of Appeal struck one term of probation and otherwise affirmed his conviction. Musaelian filed a petition for review in the California Supreme Court that had two claims. In his petition for review, Musaelian claimed that the trial

court erred in failing to instruct the jury on the claim-of-right defense and claimed that counsel provided ineffective assistance by failing to object to several instances of prosecutorial misconduct. Resp. Ex. G. The California Supreme Court summarily denied the petition. Resp. Ex. H. Musaelian did not file any other petitions in the California Supreme Court.

Musaelian then filed a federal petition for writ of habeas corpus that had three claims, one of which had numerous subparts. First, he claimed that the trial court's refusal to instruct the jury on the claim-of-right defense violated his Sixth and Fourteenth Amendment rights to due process, fair trial and trial by jury. Petition Addendum at 4-5. Second, he claimed that the prosecutor violated his rights under Brady v. Maryland, 373 U.S. 83 (1963), by suppressing evidence (i.e., a tape of a call Musaelian made to the Santa Rosa police dispatcher on June 24, 2004 and the prosecutor's notes of witness statements and investigations). Third, he claimed that he received ineffective assistance of counsel. His ineffective assistance claim had eight subparts: (a) counsel failed to object to numerous instances of prosecutorial misconduct, Petition Addendum, pp. 6, 7, 11; (b) counsel failed to investigate;[1] (c) counsel failed to provide for a reasonable defense;[2] (d) counsel did not call as a witness an expert witness who was waiting in the hallway at trial;[3] (e) counsel failed to call as a witness the registered process server who levied the vehicle/completed the levy, Petition, p. 6; (f) counsel did not allow Musaelian to testify, Petition, p. 6, so that he could, at the least, "explain his intent, his good faith belief that he had a right to the specific property and explain the mysterious circumstances of this 'altered court document,'" Petition Addendum, p. 8; (g) counsel did not call the investigating officer to

---

[1] Musaelian alleged that counsel failed to investigate the procedure for money judgments and levies, and failed to investigate unspecified mitigating evidence. Petition Addendum, p. 8.

[2] The only specific allegation with regard to the failure to provide a reasonable defense is the allegation that counsel "failed to advocate the client's theory of the case." Petition Addendum, p. 8.

[3] This unnamed witness allegedly was a collection attorney who was an expert on vehicle levies and the law regarding enforcement of judgments. See Petition Addendum, p. 3.

testify, Petition Addendum, pp. 2-3;[4] and (h) counsel failed to call unidentified witnesses who would testify that the Lassen County and Mono County Sheriffs do not conduct vehicle levies, and instead allow registered process servers to perform the function, Petition Addendum, p. 9. Musaelian also alleged that counsel's purported deficiencies may have been related to his drowsiness due to taking pain medications after surgery, Petition Addendum, p. 10; this allegation appears to be a way of explaining the conduct rather than a separate instance of deficient performance.

## DISCUSSION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c).

The court has compared the petition for review in the California Supreme Court with the federal habeas petition to determine whether all the claims in the latter were included in the former. They were not. Musaelian presented to the California Supreme Court his claim that the trial court erred in failing to give the claim-of-right instruction, and only one of the eight subparts of his ineffective assistance of counsel claim (i.e., that counsel had been ineffective in not objecting to prosecutorial misconduct). Those claims therefore are exhausted. His petition for review in the California Supreme Court did not mention the other seven subparts of his ineffective assistance of counsel claim or his Brady claim, and that means that state court remedies have not been exhausted for those claims.

Musaelian's federal petition contains both exhausted and unexhausted claims and therefore is what is referred to as a "mixed" petition. See Rhines v. Weber, 544 U.S. 269, 277 (2005). The court cannot adjudicate the merits of a habeas petition containing any claim as to

---

[4]This witness' name and proposed testimony are not mentioned in the petition.

which state remedies have not been exhausted, such as a mixed petition. See Rose v. Lundy, 455 U.S. 509, 522 (1982); cf. 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to exhaust).

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. § 2244(d), the court is reluctant to dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without giving Musaelian the opportunity to elect whether to proceed with just his exhausted claims, or to try to exhaust the unexhausted claims before having this court consider all his claims. Accordingly, instead of an outright dismissal of the action, the court will allow Musaelian to choose whether he wants to –

>   (1) dismiss the unexhausted claims and go forward in this action with only the exhausted claims, or
>
>   (2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims, or
>
>   (3) file a motion for a stay of these proceedings while he exhausts his unexhausted claims in the California Supreme Court.

Musaelian is cautioned that the options have risks which he should take into account in deciding which option to choose. If he chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition. See 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition might be rejected as time-barred. See 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on his unexhausted claims, and to return to this court. And under option (3), this action stalls: this court will do nothing further to resolve the case while petitioner is diligently seeking relief in state court.

In Rhines, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed

4

habeas petitions.[5] The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Rhines, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id. at 277-78. Any stay must be limited in time to avoid indefinite delay. Id. Reasonable time limits would be 30 days to get to state court, as long as necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court. See id. at 278; Kelly v. Small, 315 F.3d at 1071.

---

[5] There is an alternate stay procedure for a petitioner who has some unexhausted claims he wants to present in his federal habeas action, but it likely wouldn't help Musaelian. Under the procedure outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1134 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the Kelly three-step procedure is not required to show good cause as under Rhines, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both Mayle v. Felix, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and Duncan v. Walker, 533 U.S. 167 (2001), by complying with the statute of limitations. King, 564 F.3d at 1141-43. Musaelian's unexhausted claims would not relate back to the exhausted claims in the original petition because none of them share a common core of operative facts with any of the properly exhausted claims contained in the original petition. Compare Valdovinos v. McGrath, 598 F.3d 568, 575 (9th Cir. 2010) (Brady claim in amended petition related back to Brady claim in original petition), and id. at 575-76 (IAC claim in amended petition related back to IAC claim in original petition where both claims pertained to counsel's alleged failure to adequately investigate suppressed exculpatory evidence upon learning of it and amended claim "simply adds more evidence that counsel did not uncover"), with Rhoades v. Henry (Haddon), 598 F.3d 511, 519-20 (9th Cir. 2010) (denial of leave to amend petition to add claims arising out of alleged misconduct of the prosecutors in another case against defendant based on FBI lab testing was proper because those claims did not relate back to other timely-filed claims about police questioning at the time of his arrest, jailhouse informant testimony, and judicial bias), and Hebner v. McGrath, 543 F.3d 1133, 1138-39 (9th Cir. 2008) (no error in denying petitioner leave to amend petition to add new claim that would be untimely where new claim arose from different core of operative facts than claims in original petition and thus did not relate back to original petition). Without relation back, the new claims likely would be time-barred.

**CONCLUSION**

Petitioner must file no later than **January 7, 2011**, a notice in which he states whether he elects to (1) dismiss the unexhausted claims and go forward in this action with only the remaining claims, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) moves for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims. If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under option ___ provided in the court's Order On Initial Review." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option (3), no later than **January 7, 2011**, petitioner must file a motion for a stay in which he explains why he failed to exhaust his unexhausted claims in state court before presenting them to this court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims. If he wants to file a motion under King/Kelly to amend his petition (to delete unexhausted claims) and to stay this action while he exhausts state court remedies for those unexhausted claims, he may do so no later than **January 7, 2011**. If petitioner does not choose one of the three options or file a motion by the deadline, the court will dismiss the unexhausted claims.

IT IS SO ORDERED.

DATED: November 30, 2010

_____
SUSAN ILLSTON
United States District Judge