UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW MICHAEL MUSAELIAN, | No. C 10-605 SI (pr) |
| Petitioner, | **ORDER TO STAY PROCEEDINGS AND TO ADMINISTRATIVELY CLOSE THE ACTION** |
| v. | |
| ROBERT OCHS, Chief Probation Officer of Sonoma County, | |
| Respondent. | |

Petitioner has filed a request for a stay and abeyance of this action so that he may exhaust state court remedies for some unexhausted claims in his habeas petition that he wishes to present to this court for federal habeas review. Upon due consideration, the court GRANTS petitioner's motion to stay and hold these proceedings in abeyance. (Docket # 14.) Liberally construing the motion, it appears that petitioner has shown good cause for his failure to exhaust the claims before filing this action, the claims do not appear patently meritless, and there does not appear to be any intentionally dilatory litigation tactic by petitioner. See Rhines v. Weber, 544 U.S. 269, 277-78 (2005).[1]

This action is now STAYED and the clerk shall ADMINISTRATIVELY CLOSE the action. Nothing further will take place in this action until petitioner exhausts the unexhausted claims and, within thirty days of doing so, moves to reopen this action, lift the court's stay and

---

[1] The court makes the Rhines determination only as to those unexhausted claims that were included in the federal habeas petition. In his motion to stay, petitioner indicates that he has additional, unidentified, claims that he also wants to exhaust. As to those claims, respondent may make any argument about untimeliness if and when petitioner returns to federal court after exhausting his state court remedies.

amend his petition to add his new claims. When he finishes in state court and moves to reopen, petitioner must clearly identify each claim that has been exhausted in state court.

Petitioner must act diligently to get his state court petition filed and promptly return to federal court after his state court proceedings have concluded. If petitioner does not return within thirty days of exhausting the unexhausted claims, the action or the unexhausted claims may be dismissed. See id.; Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir.), cert. denied, 538 U.S. 1042 (2003). Petitioner also must exercise continuous diligence during the exhaustion process in the state courts. Imposing these time limits for petitioner to expeditiously get to, through, and back from state court furthers the AEDPA's goals of encouraging finality of judgments and streamlining federal habeas proceedings. See Rhines, 544 U.S. at 278.

IT IS SO ORDERED.

DATED: January 12, 2011

SUSAN ILLSTON
United States District Judge